LAURA H. POPE, Administratrix, etc., of PHILIP A. FISCHER, Deceased, Respondent, *v.* MARGARET I. HOYT, Appellant.

First Department, March 17, 1922.

Contracts — action to recover for services under contract with husband of defendant to perform work on defendant's real property — contract made without defendant's knowledge — contract provided for payment of two per cent on sale price of property as sold in lots — agency of husband or ratification by defendant not shown.

In an action on a contract executed by the husband of the defendant, personally, with a landscape architect, which provided that the architect would render services on a tract of land actually owned by the defendant and would be paid therefor at the rate of two per cent on the purchase price of every lot sold therefrom, it appeared that no mention was made of the defendant's name in the contract, and that the architect at the time of making the contract believed that the land in question was the property of the defendant's husband.

*Held*, that while the defendant may have been aware that the architect was to do some landscape work, there was no evidence that she knew that a definite contract had been made, nor was it shown that her husband was authorized to act as her agent in the matter of improving her property for the purpose of a sale thereof.

Inasmuch as it was not shown that the defendant had full knowledge of all the facts, she cannot be held to have ratified the contract.

Appeal by the defendant, Margaret I. Hoyt, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of June, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of June, 1921, denying defendant's motion for a new trial made upon the minutes.

*Rounds, Hatch, Dillingham & Debevoise* [*Francis E. Neagle* of counsel], for the appellant.

*Washburn, Malone & Washburn* [*Frank B. Washburn* of counsel], for the respondent.

Greenbaum, J.:

The complaint contains two causes of action based upon a contract made between one Robert Anderson Pope and the defendant. Pope assigned his claim to Philip A. Fischer, his father-in-law, and upon his death his administratrix was substituted as plaintiff. The contract, which was dated April 2, 1912, was in writing and was executed by the defendant's husband, Hazen L. Hoyt, in his own name. In other words, it purported to be a contract directly made with him. There was no mention of Mrs. Hoyt in the contract and it appears that Mr. Pope at the time of making the contract was acting under the belief that Mr. Hoyt owned the property in question. It appears that Mrs. Hoyt owned a considerable tract of land at Great Neck, L. I., which it was contemplated to divide in such manner as to be available for sale in parcels. The contract provided that Pope was to do certain landscape architectural work on this property for which he was to receive two per cent of the purchase price of every plot sold together with a drawing account of $500, which was to be charged against his commissions subsequently earned.

Robert Anderson Pope testified that he performed the services agreed to be rendered under the contract and for the purpose of this appeal it may be assumed that he did perform them. The complaint alleges as a first cause of action that on May 11, 1916, defendant sold a portion of the property for the sum of $75,000, which entitled Pope to a commission of $1,500.

The second cause of action is like the first, excepting that the claim rests upon a conveyance made on the 1st of November, 1913, by Mrs. Hoyt to her daughter-in-law, one Katherine R. Hoyt, of a parcel of the property in question, alleged to be of the value of $50,000 and entitling the plaintiff to a recovery of two per cent of that amount, or $1,000. It is admitted that plaintiff's assignor received $500 from Mr. Hoyt.

There is evidence in the case tending to show that the defendant

was aware of the fact that Pope was to do some landscape work upon the property for the purpose of preparing it for sale. There is, however, not the slightest evidence that she knew that any definite contract had been made or what the terms of the contract were or that there was any understanding or arrangement as to paying plaintiff's assignor two per cent commissions on the sales to be made from time to time upon the property.

It also appears that the defendant had been an invalid for a long time and was not in a condition to take an active interest in matters. It was not shown that her husband was authorized to act as her agent in the matter of improving her property for the purpose of a sale thereof in parcels or plots. It may also be noted that the contract for the payment to the architect of two per cent commission on the purchase price of parcels or plots as they were sold from time to time, extending as it might for a long, indefinite period, is a most extraordinary and unusual one.

The case was tried and submitted to the jury on the theory that although the contract was not made by Mrs. Hoyt, yet if her husband was her agent and she ratified the contract made by him she would be liable.

The law seems to be well settled that where a claim is made upon the theory of ratification, the person sought to be held must be shown to have had full knowledge of all the facts. As was stated in *Glenn* v. *Garth* (133 N. Y. 18, 35), Judge Finch writing: " For what is a ratification where no rights of third persons are involved? It implies a conscious and intended approval of the act done. It rests upon the actual and existing purpose to make such approval. Hence, the courts say, that it must occur with full knowledge of all the facts. It rests in the intention, where the question is between the original parties and depends upon the facts and not upon appearances." If the defendant's knowledge is partial or imperfect, she cannot be held to have ratified the unauthorized act. (*Trustees, etc.,* v. *Bowman,* 136 N. Y. 521, Judge Earl writing.) To the same effect are *Merritt* v. *Bissell* (155 N. Y. 396) and *Blass* v. *Terry* (156 id. 122). The case of *Snyder* v. *Sloane* (65 App. Div. 543) is peculiarly appropriate here.

The record is barren of any proof of defendant's ratification of the contract under discussion.

The judgment and order must be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.