■ OLGA McGUIRK, Respondent-Appellant, v NADIA FERRAN, Also Known as NADIA KANNES, et al., Appellants-Respondents. [635 NYS2d 794] —Mikoll, J. P. (1) Cross appeals from a judgment of the Supreme Court (Spain, J.), entered February 8, 1994 in Rensselaer County, upon a decision of the court in favor of plaintiff, and (2) appeal from an order of said court, entered April 19, 1994 in Rensselaer County, which, *inter alia*, granted

plaintiff's cross motion to release the undertaking posted by plaintiff.

In 1946, plaintiff[1] and her husband acquired 90 contiguous acres of property in the Towns of Nassau and Sand Lake, Rensselaer County, of which 56 acres are the subject of this action. On a 4.54-acre portion of the property, laying north of Spring Avenue, is a single-family residence, garage/shed and an aboveground swimming pool. Plaintiff commenced living there in 1960. In August 1964, the County foreclosed on the property and defendants Nadia Ferran (hereinafter Ferran) and Mark Ferran, her son, obtained tax deeds to it.[2] It is undisputed that defendants are record owners of the subject property. Plaintiff and her family nonetheless never vacated the house, never paid rent and, despite several legal skirmishes initiated by Ferran, including actions for eviction, to quiet title and eject plaintiff, and an action by plaintiff and her husband challenging the tax deed issued to Ferran, none were ever completed or settled. The proceedings and actions were either withdrawn or simply abandoned. Whatever taxes were paid on the property since 1964 were paid by Ferran.

Plaintiff commenced this action in November 1989 to quiet title to the property based on a claim of adverse possession. In December 1992, Supreme Court granted plaintiff's motion for a preliminary injunction prohibiting the cutting or removal of trees on the subject property during the pendency of the action, upon plaintiff's posting of a $6,000 undertaking. Following a nonjury trial, Supreme Court determined that plaintiff acquired title by adverse possession to a portion of the 4.54-acre parcel which contained the residence and the lawns surrounding the house; the court designated a new southern boundary line for the parcel to correspond to the area actually occupied by plaintiff. Supreme Court held that plaintiff's claim

1. On application of J. John McGuirk, executor of the Estate of Olga McGuirk, the Estate of Olga McGuirk is substituted as plaintiff. References in this decision to plaintiff, however, will refer to Olga McGuirk.
2. The 1964 tax deed from the County conveyed plaintiff's property, but only described the location as being in Sand Lake; in 1973, Ferran obtained a second tax deed for the same property because the previous one had been lost or misplaced. Following the acquisition of the tax deeds, Ferran purposefully ceased paying taxes on that portion of the property in Nassau; Ferran enlisted Martin Forman to acquire the property for the purpose of reconveying it to her, believing such a transfer would result in a clearer title. Forman acquired the property and deeded it to Diana Penzabene, who executed a quitclaim deed for the property back to Ferran and her son.

of adverse possession was not based upon a written instrument and that plaintiff did not adversely possess the remaining portions of the 56 acres. Defendants appeal and plaintiff cross appeals from the judgment. Following entry of the judgment, Supreme Court granted plaintiff's postjudgment motion to release the undertaking. Defendants appeal from the order releasing the undertaking.

We note prefatorily that this matter was heard by Supreme Court without a jury. In doing so, the court resolved conflicts in the evidence presented by the parties. Though we have broad discretion to review Supreme Court's findings and to grant the judgment the court should have granted on the record (*see, Kandrach v State of New York*, 188 AD2d 910, 912-913), we defer to the trier of fact when the credibility of witnesses is involved (*see, Town of Ulster v Massa*, 144 AD2d 726, 727-728, *lv denied* 75 NY2d 707). The issue presented here is whether Supreme Court's determination is supported by the evidence.

To prevail on a claim of adverse possession, the possession must be (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for 10 years (*see*, RPAPL 511, 521; *Levy v Kurpil*, 168 AD2d 881, 883, *lv denied* 77 NY2d 808), and these elements must be proven by clear and convincing evidence (*see, Woodrow v Sisson*, 154 AD2d 829, 830).

Defendants mount several arguments in support of their contention that plaintiff's possession of the house and surrounding land was not hostile. The record discloses that plaintiff and her son, who resided in the house with her, believed that the tax foreclosure sale was defective and acted on that conviction; plaintiff and her family continued in exclusive possession of the house from 1960 through the trial of this action. Plaintiff asserted ownership to the property by interposing affirmative defenses in the proceeding and actions commenced by Ferran. Plaintiff consistently and repeatedly refused to vacate the residence as demanded by Ferran, plaintiff never paid rent, nor did she ever acknowledge that title reposed in another.

As to Ferran's subjective belief that plaintiff was residing at the premises with her permission, we find this insufficient to turn the occupation into a permissive one, particularly in light of plaintiff's unambiguous claim to ownership (*cf., Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 502-503). Plaintiff and her son made various improvements in the residence. They installed an above-ground pool on the property and maintained it, maintained gardens, relocated trees,

built a driveway and cultivated the lawn. All these actions satisfy the requirements of adverse possession under RPAPL 522 (1) as to the house and the northern portion of the 4.54-acre parcel immediately surrounding the house, as determined by Supreme Court.

Plaintiff contends that, pursuant to RPAPL 511 and 512, she is entitled to the entire 56 acres because her claim was based on a written instrument, i.e., the 1946 deed to her. To adversely possess pursuant to these statutes, plaintiff must possess at least "arguably good" or "colorable" title under a written instrument (*see, Goff v Shultis*, 26 NY2d 240, 248). Here, plaintiff did not occupy the property for the requisite period of time pursuant to a written instrument giving her "colorable" or "arguably good" title. Ferran's tax deed became presumptive evidence of her record title two years after the tax sale (*see*, RPTL former 1020 [3]). Plaintiff lost all ability to contest the tax foreclosure by failing to fully challenge the sale. She thus had no "colorable" or "arguably good" claim to title of the property under her original deed. Plaintiff is therefore foreclosed from invoking RPAPL 511 and 512 to benefit from the constructive possession provisions contained therein and Supreme Court properly held to that effect.

As to defendants' challenge to the release of plaintiff's undertaking, since plaintiff partially prevailed on her adverse possession claim, Supreme Court properly discharged the undertaking following the final judgment (*see*, CPLR 6301; Siegel, NY Prac § 327, at 464-465 [2d ed]).

Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed, without costs, and title of the action is amended to substitute the Estate of Olga McGuirk as plaintiff.