■ CARLTON ROBBINS, Appellant, v TUCKER ANTHONY INCORPORATED, Respondent. [649 NYS2d 856] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff, the owner of an Individual Retirement Account (IRA) of which defendant was the custodian, commenced this action on theories of breach of contract and breach of fiduciary duty. Plaintiff seeks to recover $31,954 withdrawn from the IRA by plaintiff's former wife, allegedly without plaintiff's authorization. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint. In granting the motion, Supreme Court found as a matter of law that plaintiff ratified the transactions and that, in any event, under the circumstances plaintiff rather than defendant should bear the loss for any unauthorized transactions.

The court erred in granting defendant's motion. In light of the conflicting testimony and averments of plaintiff and his former wife, we conclude that defendant failed to sustain its burden of demonstrating its entitlement to judgment as a matter of law. Moreover, in opposition to the motion, plaintiff raised triable questions of fact concerning his knowledge, authorization, and ratification of the withdrawals sufficient to warrant a trial of the action. It is well established that a principal cannot be deemed to have ratified the acts of his agent absent knowledge of those acts and an intent to ratify (see, Merritt v Bissell, 155 NY 396, 400; Holm v C.M.P. Sheet Metal, 89 AD2d 229, 232-233; Pope v Hoyt, 200 App Div 475, affd 235 NY 526). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Denman, P. J., Green, Callahan, Doerr and Boehm, JJ.