■ CAPITAL MEDICAL SYSTEMS, INC., Appellant-Respondent, v FUJI MEDICAL SYSTEMS, U.S.A., INC., et al., Respondents-Appellants. [658 NYS2d 475] —Mikoll, J. P. Cross appeals from an order of the Supreme Court (Lynch, J.), entered January 3, 1996 in Schenectady County, which partially granted defendants' motions for summary judgment and dismissed the first, second, third and sixth causes of action in the amended complaint.

Plaintiff is a distributor of medical X-ray products and services in the upstate New York area. Defendant Fuji Medical Systems, U.S.A., Inc. (hereinafter Fuji), formerly known as Pyne Corporation, is the distributor of X-ray film, film processors and alternative imaging and diagnostic systems manufactured by Fuji Photo Film Company, Ltd. of Japan. In 1980, Pyne Corporation agreed with Fuji that plaintiff would be a

distributor of X-ray film and imaging products in northeastern New York. As plaintiff lacked large storage facilities and a sufficient line of credit for purchasing Fuji products, the parties agreed that Fuji could directly bill plaintiff's large customers, collect the proceeds and pay plaintiff, as a commission agent, a commission on those sales in return for plaintiff agreeing to service the customers. Further agreements were entered into in 1982 and the parties' business relationship continued. On January 29, 1985 plaintiff and Fuji entered into a formal distribution agreement (hereinafter the 1985 agreement) which, by its terms expired on December 25, 1985. This agreement allowed Fuji to terminate the agreement on 60 days' notice if plaintiff did not meet specified purchase requirements. The 1985 agreement did not mention exclusivity. After the 1985 agreement expired the parties continued their business dealings but failed to again establish a new contract. On August 8, 1986 Fuji advised plaintiff by letter that plaintiff was its exclusive dealer and would remain so as long as coverage was maintained in the designated territory.

In January 1989 plaintiff commenced the instant litigation requesting money damages and/or injunctive relief in six causes of action alleging that (1) Fuji breached a distributorship agreement with plaintiff, (2) Fuji breached its promise to pay plaintiff a certain percentage of Fuji's direct sales to Iroquois Hospital Consortium (hereinafter IHC), which operated within plaintiff's exclusive territory, (3) Fuji breached its exclusive distributorship agreement with plaintiff by allowing a competitor distributor, S&W X-Ray, to sell Fuji film products in plaintiff's exclusive territory, (4) Fuji and S&W conspired to restrain competition in violation of the Donnelly Act (General Business Law § 340), (5) S&W engaged in tortious interference with plaintiff's contract with Bellevue Maternity Hospital, and (6) Fuji engaged in tortious interference with plaintiff's prospective business relations. Subsequently, Fuji sent plaintiff a letter dated August 14, 1989 informing it that it had not maintained adequate coverage of the territory and, consequently, Fuji was giving notice of termination to plaintiff effective in 60 days unless the parties entered into a new standard agreement with plaintiff paying all outstanding overdue accounts receivable to Fuji by September 14, 1989.

Fuji thereafter moved for summary judgment dismissing each of plaintiff's six claims. S&W joined Fuji in the motion. Supreme Court dismissed plaintiff's first three causes of action and its sixth cause of action. Plaintiff appeals from the dismissal of the first three causes of action. Fuji cross-appeals

from so much of the order as denied its motion to dismiss the fourth cause of action. S&W cross-appeals from so much of the order as denied S&W's motion for summary judgment dismissing the fourth and fifth causes of action.

Initially, we address Fuji's contention that since plaintiff argues for the first time in its appellate brief that an implied-in-fact contract existed between Fuji and plaintiff, plaintiff has not preserved such issue for appellate review, citing, *inter alia*, to *Howe v Village of Trumansburg* (199 AD2d 749, 750-751, *lv denied* 83 NY2d 753). We disagree. Plaintiff correctly asserts that the instant situation is within an exception to the general rule cited in *Howe* and permits appellate review. Here, plaintiff is not introducing new facts but is merely arguing a proposition of law on facts that were before the motion court demonstrating that an implied-in-fact contract existed between the parties, and the legal arguments raised could not have been avoided by Fuji if brought to its attention on the motion for summary judgment (*see, Block v Magee*, 146 AD2d 730, 732-733; *see also, Persky v Bank of Am. Natl. Assn.*, 261 NY 212, 218-219; *S.L. Euro Contr. v Bid Interior Constr.*, 214 AD2d 315, 316; *Matter of Knickerbocker Field Club v Site Selection Bd.*, 41 AD2d 539, 540). If the argument that an implied-in-fact agreement existed was made in Supreme Court, Fuji could not have avoided the finding that questions of fact exist requiring a trial.

Plaintiff's argument that Supreme Court erred in dismissing its first three causes of action, because issues of fact existed as to whether an implied-in-fact contract existed between plaintiff and Fuji by virtue of the conduct and business activities of the parties and as to what were the terms of the implied contract, is persuasive. The August 8, 1986 letter from Fuji, stating that plaintiff was Fuji's exclusive distributor and would continue in that capacity so long as coverage was maintained in plaintiff's territory, is evidence of the existence of the alleged exclusive distributorship. The business conduct of the parties following the expiration of the 1985 agreement, which continued in essentially the same manner as it had since the beginning of their relationship, is evidence of an implied-in-fact contract between them (*see, Watts v Columbia Artists Mgt.*, 188 AD2d 799, 800).

Also valid is plaintiff's contention that Supreme Court erred in dismissing plaintiff's first cause of action on the alternative grounds that Fuji had been selling directly to IHC hospitals, and paying plaintiff a commission on those sales from 1982 until Fuji's 1989 termination of the agreement, and that

plaintiff failed to show that Fuji breached its contract by furnishing free products and other like inducements. Plaintiff rightly notes that IHC does not come within any of the four categories of accounts to which Fuji had reserved its right to sell Fuji products and that plaintiff notified Fuji that bidding to IHC violated their exclusive agreement. Plaintiff further correctly asserts that whether Fuji continued to make direct sales to IHC hospitals after the ending of the 1985 agreement is also a breach of contract is an issue of fact which depends upon the jury's determination of the existence and terms of the implied contract. Accordingly, issues of fact exist as to plaintiff's first cause of action regarding whether Fuji's direct selling of Fuji products was a breach of the 1985 agreement.

We agree with plaintiff's claim that Supreme Court erred in determining, alternatively, that even if there was a contractual basis for plaintiff's assertion in its second cause of action that it was entitled to a larger commission on sales to IHC hospitals, plaintiff's receipt of the 5% commission ratified the arrangement, binding plaintiff and waiving the alleged breach. A party to an agreement who believes it has been breached may elect to continue to perform the agreement and give notice to the other side rather than terminate it (*see, National Westminster Bank v Ross*, 130 Bankr 656, 675, *affd sub nom. Yaeger v National Westminster,* 962 F2d 1). Evidence in the record demonstrates that plaintiff timely complained to Fuji that it did not receive the commission to which it was entitled. Thus, plaintiff did not waive this claim.

Fuji's contention that Supreme Court erred in failing to grant its motion to dismiss plaintiff's fourth cause of action (the Donnelly Act claim) when it gave preclusive effect to S&W's earlier like motion is meritorious. Although six years of disclosure activity has not revealed any evidence against Fuji and S&W on the fourth cause of action, sufficient cause exists to grant Fuji's motion (*see, Detko v McDonald's Rests.*, 198 AD2d 208, 209, *lv denied* 83 NY2d 752). Fuji correctly argues that plaintiff has not presented affirmative proof in opposition to Fuji's motion showing that a genuine issue of fact exists warranting a trial (*see, Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916).

We also find merit in S&W's contention that Supreme Court improperly denied its motion to dismiss plaintiff's fifth cause of action (tortious interference with contract) on the basis that the court's earlier ruling denying S&W's prior motion for such relief precludes review of the current motion. The prior decision does not preclude review here (*see, Detko v McDonald's*

*Rests., supra,* at 209). However, S&W's further contention that Supreme Court's denial of the motion is error because there is no evidence that S&W had knowledge of the contract between plaintiff and Bellevue and no evidence of S&W's intent to procure a breach of the contract is rejected. Plaintiff correctly asserts that it has demonstrated that a triable issue of fact exists concerning S&W's intentional act of procuring a breach of contract. Moreover, as plaintiff also claims, any direct evidence of S&W's knowledge on the issue is entirely within the control of S&W, and plaintiff should therefore be allowed to develop the issue at trial.

We have considered the parties' other claims of error and find them without merit. Plaintiff did not appeal the dismissal of the sixth cause of action.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions and dismissed plaintiff's first three causes of action and denied defendants' motions to dismiss plaintiff's fourth cause of action; defendants' motions denied regarding the first three causes of action and granted regarding the fourth cause of action, summary judgment awarded to defendants on the fourth cause of action and said cause of action dismissed; and, as so modified, affirmed.