■ MARTIN BERLINGER, Doing Business as CREATIVE GARDENS, Respondent, v ROBERT LISI et al., Appellants. [731 NYS2d 916] —Cardona, P. J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered August 8, 2000 in Ulster County, which, *inter alia*, partially denied defendants' motion for partial summary judgment.

Plaintiff commenced this action seeking compensation for landscaping services performed on defendants' property. The parties met in September 1998 to discuss the design and installation of gardens at defendants' premises in the Town of Warwick, Ulster County. Thereafter, plaintiff drafted plans for the landscaping project and submitted a written estimate in June 1999 indicating the cost to be between $67,000 and $72,000. Before plaintiff began working, defendants tendered a check in the amount of $20,000 and later advanced an additional $20,000 after the project commenced. Plaintiff's services were allegedly completed in August 1999. Claiming a balance due of over $30,000, plaintiff sent invoices which defendants refused to pay, resulting in this litigation.

The complaint asserts two breach of contract causes of action and, additionally, a claim for unjust enrichment. Following joinder of issue, defendants moved for partial summary judgment seeking dismissal of plaintiff's first and third causes of action which alleged that defendants breached the landscaping agreement in the amount of $30,500 and also breached an agreement to pay $2,250 for landscaping plans. Defendants also sought partial summary judgment on their counterclaim seeking reimbursement of funds paid to plaintiff for preparation of landscaping plans. Supreme Court, *inter alia*, granted defendants' motion to the extent of dismissing plaintiff's third cause of action for $2,250 and denied the motion in all other respects. Defendants appeal.

According to defendants, Supreme Court should have granted their motion seeking dismissal of the first cause of action principally due to the absence of an enforceable agreement demonstrating "a meeting of the minds" necessary for formation of a contract.* We disagree. Our review of the record reveals questions of fact as to the existence of an express oral agreement between the parties or, at minimum, a contract implied in fact rendering summary judgment inappropriate (*see*, CPLR 3212 [b]). Notably, with respect to implied-in-fact contracts, "[b]ased on the facts and circumstances surrounding the dispute as manifested in the acts and conduct of the parties, there must be an indication of a meeting of minds of the parties constituting an agreement * * *. As a general rule, the performance and acceptance of services can give rise to the inference of an implied contract to pay for the reasonable value

---

* Although defendants note in their brief that no formal written contract was executed by the parties, they do not assert that a written contract was contemplated (*see*, *Valentino v Davis*, 270 AD2d 635, 638; 22 NY Jur 2d, Contracts, § 7, at 34-35).

of such services" (22A NY Jur 2d, Contracts, § 591, at 333; *see,* 22 NY Jur 2d, Contracts, § 6, at 32-34).

Here, given the proof in the record as to, *inter alia,* the parties' discussions and plans regarding the landscaping project, the delivery of the estimated cost of the project, the tender and acceptance of partial payment and the actions taken by plaintiff to commence and complete performance, we conclude that there are questions of fact as to whether or not a contract existed, whether that contract was an express oral one (*see generally, Dzek v Desco Vitroglaze,* 285 AD2d 926) or an implied-in-fact contract (*see, Capital Med. Sys. v Fuji Med. Sys.,* 239 AD2d 743). Accordingly, Supreme Court's order denying defendants' request for dismissal of the first cause of action is affirmed.

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.