■ In the Matter of the Claim of JOHN PACHE, Deceased, Respondent, v AVIATION VOLUNTEER FIRE COMPANY, Respondent, and CITY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [800 NYS2d 228]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed February 9, 2004, which ruled that claimant was a covered employee under the Volunteer Firefighters' Benefit Law.

Claimant was the fire chief of the Aviation Volunteer Fire Company, which serves certain neighborhoods in the Bronx. On September 8, 1995, claimant suffered a fatal heart attack at the scene of a fire. Following a series of hearings, his widow's application on his behalf for benefits was ultimately granted by the Workers' Compensation Board. The Board upheld the Workers' Compensation Law Judge's finding, among others, that there was an implied contract between Aviation and the City of New York giving rise to the City's liability pursuant to Volunteer Firefighters' Benefit Law § 30 (2). The City appeals, and we affirm.

The City initially contended that claimant was not a covered employee within the meaning of Volunteer Firefighters' Benefit Law § 30 (2) because the City had no written contract with Aviation. In relevant part, Volunteer Firefighters' Benefit Law § 30 (2) provides: "If at the time of injury the volunteer fire[fighter] was a member of [an incorporated] fire company . . . and located in a city, . . . protected under a contract by the fire department or fire company of which the volunteer fire[fighter] was a member, any benefit under this chapter shall be a city . . . charge." Having conceded at oral argument that an implied contract against the City is a legal possibility, the City argues that it was error to find an implied contract in this case because there was no evidence that the Commissioner of the Fire Department of the City of New York (hereinafter FDNY) ever approved such a contract and there was insufficient proof of the elements of formation of an implied contract. We find both contentions to be unavailing.

In general, "it is well settled that a contract may be implied in fact where inferences may be drawn from the facts and cir-

cumstances of the case and the intention of the parties as indicated by their conduct" (*Matter of Boice*, 226 AD2d 908, 910 [1996]; *see Jemzura v Jemzura*, 36 NY2d 496, 503-504 [1975]; *Berlinger v Lisi*, 288 AD2d 523, 524-525 [2001]). However, there cannot be a valid implied contract with a municipality when the Legislature has assigned the authority to enter into contracts to a specific municipal officer or body or has prescribed the manner in which the contract must be approved, and there is no proof that the statutory requirements have been satisfied (*see Seif v City of Long Beach*, 286 NY 382, 387 [1941]; *McDonald v Mayor of City of N.Y.*, 68 NY 23, 26-27 [1876]; *Peterson v Mayor of City of N.Y.*, 17 NY 449, 454 [1858]; *Keane v City of New York*, 88 App Div 542, 546 [1903]; *cf. Parsa v State of New York*, 64 NY2d 143, 148 [1984]).

Here, the City relies on several provisions of the City Charter for the proposition that the Commissioner of the FDNY has the exclusive authority to enter into contracts on behalf of the FDNY (NY City Charter §§ 389, 394, 487). To the extent that this argument—explicitly asserted for the first time before this Court—is properly before us, it is unpersuasive because these provisions, individually and in conjunction, do not include an express assignment of exclusive contracting authority to the Commissioner.

The City further contends that there was insufficient evidence to support the Board's finding of an implied-in-fact contract because there was no evidence of assent by the City to the alleged contract (*see Maas v Cornell Univ.*, 94 NY2d 87, 93-94 [1999]). While acknowledging the absence of direct evidence on the issue of assent, we conclude that the Board's finding of an implied contract between the City and Aviation should not be disturbed. The Board was presented with evidence that Aviation had been in existence since 1923, and that it worked "hand in hand" with the local FDNY company to fight fires. There was evidence that the local fire company occasionally called Aviation to request its assistance. A representative of the City provided evidence that the City was aware of Aviation, and knew that it fought fires in conjunction with the FDNY. If Aviation arrived at the scene of a fire before the local FDNY company, Aviation would be in charge of a fire scene until the FDNY company arrived and would thereafter continue working under its supervision. There was no evidence that City officials or the local fire company ever objected to or rejected the services of Aviation. Moreover, although the City was directed to produce an employee from the local FDNY company with knowledge of the relationship between the local fire company and Avi-

ation as well as other facts relevant to the implied contract issue, including any communications with or directions from the Commissioner, it failed to do so and was ultimately precluded from presenting such a witness. Inasmuch as the Board was entitled to draw reasonable and adverse inferences from the City's failure to produce a knowledgeable employee (*see Matter of Korczyk v City of Albany*, 264 AD2d 908, 909 [1999]; *cf. Allain v Les Indus. Portes Mackie, Inc.*, 16 AD3d 863, 864 [2005]), we are satisfied that substantial evidence supports the Board's determination that an implied-in-fact contract existed between the City and Aviation.

The City's argument that there was no proof of compliance with General City Law § 16-a was not raised before the Board, and thus, we decline to consider it now (*see Matter of Paiz v Coastal Pipeline Prods. Corp.*, 9 AD3d 717, 719 [2004]).

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.