■ GARY C. BESSETTE, M.D., Respondent-Appellant, v MICHAEL A. NILES, M.D., Appellant-Respondent. [803 NYS2d 837]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered July 27, 2004. The order denied defendant's motion seeking summary judgment dismissing the complaint and granted in part and denied in part plaintiff's cross motion seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The parties are orthopedic surgeons who in 1995 entered into a written professional office sharing agreement. The initial term of the agreement was for a period of one year, renewable for consecutive one-year terms "upon the mutual agreement of the parties." The agreement further provided that any party leaving the practice was required to give 90 days' notice before doing so. After the expiration of the written agreement, the parties verbally modified the agreement with respect to several provisions. In 2000 plaintiff terminated his relationship with defendant without giving 90 days' notice, and plaintiff thereafter commenced this action alleging that defendant had taken patients away from him. By his counterclaims

defendant asserted, inter alia, that he was materially damaged when plaintiff left the practice without giving 90 days' notice.

Defendant contends on appeal that Supreme Court erred in denying his motion seeking summary judgment dismissing the complaint and in granting that part of plaintiff's cross motion seeking summary judgment dismissing the "sixth affirmative defense and first counterclaim." We note that defendant does not contend on appeal that the court erred in granting plaintiff's cross motion with respect to the remaining affirmative defenses and thus is deemed to have abandoned his appeal with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). Plaintiff contends on appeal that the court should have granted his cross motion in its entirety and thus should have dismissed the second and third counterclaims as well. We affirm.

We agree with plaintiff that the court properly granted that part of his motion with respect to the "sixth affirmative defense and first counterclaim" inasmuch as it was based on a breach of the 1995 agreement. That agreement terminated by its own terms after one year, and thus the rights and obligations of the parties to the agreement also terminated at that time (see Twitchell v Town of Pittsford, 106 AD2d 903, 904 [1984], affd 66 NY2d 824 [1985]). Indeed, "[t]he fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal [agreement] continue to apply" (id.). We reject defendant's contention that subsequent verbal agreements "mirrored" the written agreement and thus rendered the terms of the written agreement enforceable. Here, the parties modified various terms of the written agreement through subsequent verbal agreements, and thus it cannot be said that "the parties' conduct . . . evidenced their mutual assent to a new [agreement] embracing the same provisions and terms as their prior [agreement]" (North Am. Hyperbaric Ctr. v City of New York, 198 AD2d 148, 149 [1993], lv denied 83 NY2d 758 [1994]). The court also properly denied defendant's motion seeking summary judgment dismissing the complaint, and those parts of plaintiff's cross motion seeking summary judgment dismissing the second and third counterclaims, for breach of the verbal agreements and unjust enrichment. It is undisputed that the parties continued their relationship after the expiration of the written agreement, and the terms of their subsequent implied-in-fact agreements cannot be determined on the record before us (see Rocky Point Props. v Sear-Brown Group, 295 AD2d 911, 912-913 [2002]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.