■ In the Matter of the Claim of LUCY SEMINERIO, Respondent, v WEST HAMILTON BEACH VOLUNTEERS, INC., Respondent, and CITY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 462]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 7, 2004, which ruled, inter alia, that claimant was a covered employee under the Volunteer Firefighters' Benefit Law.

Claimant, a member of the West Hamilton Beach Volunteer Fire Department (hereinafter WHBFD) in Queens, fractured her ankle while descending a pole at the WHBFD station house. Claimant filed a workers' compensation claim and the Workers' Compensation Board determined that, based upon an implied-in-fact contract between WHBFD and the City of New York, the City was responsible for claimant's benefits.

During the pendency of this appeal by the City, this Court decided *Matter of Pache v Aviation Volunteer Fire Co.* (20 AD3d 731 [2005]). In *Pache,* we held that, under certain circumstances, an implied-in-fact contract can arise between the City of New York and a volunteer fire company within New York City which, in turn, could lead to workers' compensation benefit liability for the City pursuant to Volunteer Firefighters' Benefit Law § 30 (2) (*id.* at 732-734).[1] In determining that substantial evidence supported the Board's determination that such an implied-in-fact contract existed under the facts presented in *Pache,* we noted that the Aviation Volunteer Fire Company had been in existence in the Bronx since the 1920s and that the City

---

1. As is pertinent here, Volunteer Firefighters' Benefit Law § 30 (2) reads as follows: "If at the time of injury the volunteer fire[fighter] was a member of a[n] [incorporated] fire company . . . located in a city, village, or fire district, protected under a contract by the fire department or fire company of which the volunteer fire[fighter] was a member, any benefit under this chapter shall be a city . . . charge."

was aware of—and did not object to—the company fighting fires alongside the local company of the Fire Department of the City of New York (hereinafter FDNY) (*id.* at 732-733). Moreover, there existed record evidence indicating that the local FDNY company occasionally solicited Aviation's assistance and that Aviation was permitted to take charge of a fire scene until the arrival of the FDNY, at which point Aviation would work under FDNY supervision (*id.* at 733).

We are confronted with strikingly similar proof in the instant matter. There was testimony before the Board that WHBFD—which has been in existence for over three quarters of a century—and FDNY cooperate in fighting fires in the West Hamilton Beach area and that WHBFD has occasionally fought local fires alone with remote FDNY assistance. WHBFD members and FDNY firefighters have trained together in order to become familiar with each other's equipment, FDNY has supplied WHBFD with its fire alert systems and other apparatus and WHBFD is included in the daily FDNY role call.

Thus, as in *Pache*, there exists substantial evidence supporting the Board's factual conclusions in this case (*see generally Matter of Pelli v St. Luke's Mem. Hosp. Ctr.,* 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]). Insofar as the City now raises arguments which this Court considered in *Pache*, we decline the City's invitation to reconsider *Pache* and, therefore, hold that the doctrine of stare decisis mandates an identical result herein (*see Matter of Swearingen v Waste Stream Envtl., Inc.,* 9 AD3d 530, 531 [2004]).[2]

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

----

2. As in *Matter of Pache v Aviation Volunteer Fire Co.* (*supra* at 734), the City's claim that there was insufficient proof of compliance with General City Law § 16-a was not raised before the Board and was therefore not preserved for our review.