■ COUNTY OF MONROE, Plaintiff, v RAYTHEON COMPANY et al., Defendants. FEDERAL INSURANCE COMPANY et al., Third-Party Plaintiffs-Appellants, v JOHN P. BELL & SONS, INC. and JOHN B. PIKE & SON, INC., a Joint Venture, et al., Third-Party Defendants-Respondents. [852 NYS2d 549]—

Appeal from a judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered October 27, 2006. The judgment dismissed the supplemental third-party complaint and awarded costs and disbursements to third-party defendants.

It is hereby ordered that the judgment so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of a performance bond with respect to a construction contract with defendant John B. Pike & Son, Inc. (Pike). Defendants and third-party plaintiffs (third-party plaintiffs) are sureties on the performance bond, and Pike agreed to indemnify third-party plaintiffs for payments made pursuant thereto. Pike thereafter entered into an agreement with third-party defendant John P. Bell & Sons, Inc. (Bell) pursuant to which they agreed, as the third-party defendant Joint Venture (Joint Venture), to perform Pike's obligations under the contract. After Pike and third-party plaintiffs settled the action with plaintiff, third-party plaintiffs sought to recover the amount of the settlement, as well as attorneys' fees and expenses reasonably incurred in defending the action. The jury returned a special verdict in favor of third-party defendants, and Supreme Court dismissed the supplemental third-party complaint. The court subsequently denied the motion of third-party plaintiffs seeking judgment notwithstanding the verdict or, in the alternative, seeking to set aside the verdict and for a new trial.

Contrary to the contention of third-party plaintiffs, the court properly concluded that, because they sought implied indemnification as subrogees of Pike, they bore the burden of establishing that Pike was not actively at fault in performing its duties pursuant to the contract with plaintiff. In these circumstances, "[t]he party seeking indemnification 'must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought,' and must not have committed actual wrongdoing itself" (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1077 [2007]). Contrary to the further contention of third-party plaintiffs, the evidence supports the jury's finding that they did not meet that burden. In addition, the evidence supports the jury's finding that third-party plaintiffs failed to establish that the settlement of the action was attributable to the deficient performance by the Joint Venture of the contractual duties that it undertook to perform. Thus, third-party plaintiffs are not entitled to shift their loss to third-party defendants on the ground that they

were "unfairly required to discharge a duty that should have been discharged by" third-party defendants (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 29 [1987]; *see generally McDermott v City of New York*, 50 NY2d 211, 218 n 4 [1980], *rearg denied* 50 NY2d 1059 [1980]).

We reject third-party plaintiffs' contention that Bell became a coprincipal on the performance bond by ratifying Pike's action in obtaining that bond. "Ratification requires 'full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language' " (*Rocky Point Props. v Sear-Brown Group*, 295 AD2d 911, 913 [2002]). Here, the performance bond was issued prior to the execution of the Joint Venture Agreement, and Bell expressly refused to sign an agreement of indemnity with third-party plaintiffs in connection with that bond. Thus, the evidence supports the jury's finding that Bell did not agree to become a coprincipal on the performance bond issued to Pike.

We have considered third-party plaintiffs' remaining contentions and conclude that none requires reversal or modification of the judgment. Present—Lunn, J.P., Peradotto, Green and Pine, JJ.