■ Coogi Partners LLC, Appellant, v Soho Fashion, Ltd., Respondent. [967 NYS2d 45]—

Order, Supreme Court, New York County (Melvin L.

Schweitzer, J.), entered August 14, 2012, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff established the existence of an implied-in-fact contract by submitting the 2011 sales reports generated by defendant, which indicated that royalties and advertising fees were payable at the same rates as set forth in the parties' expired licensing agreement. In opposition, defendant submitted an affidavit by its president, who stated that defendant's nonpayment of royalties at the quarterly intervals set forth in the initial agreement was consistent with its rejection of the royalty terms of the agreement, and that its nonpayment was acquiesced in by plaintiff while the parties negotiated the terms of a new license agreement at a new royalty rate. Thus, an issue of fact exists whether the parties agreed to the same terms and conditions as set forth in the initial agreement (*see Sivin-Tobin Assoc., LLC v Akin Gump Strauss Hauer & Feld LLP*, 68 AD3d 616 [1st Dept 2009]; *I.G. Second Generation Partners, L.P. v Duane Reade*, 17 AD3d 206, 208 [1st Dept 2005]; *Bessette v Niles*, 23 AD3d 996 [4th Dept 2005]; *Berlinger v Lisi*, 288 AD2d 523, 524 [3d Dept 2001]).

Defendant's contention that the parties were actively negotiating a new reduced royalty rate and that payments made in the interim period were to be credited against amounts due under a prospective new license agreement at a new royalty rate raises an issue of fact as to the reasonable value of the services defendant provided, precluding summary judgment on plaintiff's claim of unjust enrichment (*see Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 410 [1st Dept 2011], *affd* 19 NY3d 511 [2012]). Concur—Gonzalez, P.J., Sweeny, Richter and Clark, JJ.