■ CLARENCE R. RUNALS et al., Doing Business as RUNALS BRODERICK SHOEMAKER RICKERT BERRIGAN & DOHERTY, Appellants, v JACK B. JOHNSON et al., Doing Business as CASTAWAYS MOTEL, Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiffs appeal from an order of Special Term insofar as it granted defendants' application for a protective order preventing plaintiffs from deposing defendants' bookkeeper and directing that she "produce for use on said depositions the following papers, documents and other materials in [her] custody or control: * * * 2. A statement of the capital costs to the defendants, or any of them, of land and improvements, including but not limited to, the hotel structure, swimming pool, dock, fences and other facilities provided for or in connection with the hotel commonly known as Treadway Inn situate at 7011 Buffalo Avenue in the City of Niagara Falls, New York." The underlying action is a suit in *quantum meruit* to recover for legal services performed for defendants (the landlords) in connection with an arbitration seeking adjustment of the rent of the tenant. The rent was computed on the basis of the tenant's profit and loss statement and it was defendants' contention that they were not receiving the proper rent because the tenant was allocating improper expenses in stating its profit and loss. Plaintiffs claim that the cost of construction of this motel, 10 years earlier, was "material and necessary" information (CPLR 3101; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406) to establish the amount involved in the legal services for purposes of setting their fee. The "amount involved" is one of many factors which may be considered in establishing an attorney's fee (see Code of Professional Responsibility, DR 2-106, subd [B], par [4]; 3 NY Jur, Attorney & Client, § 102). However, the relevance of the original construction cost of this property is so remote a consideration in determining the reasonable value of the legal services rendered to defendants in this case that Special Term properly exercised its discretion in granting a protective order. Defendants' bookkeeper, Mrs. Johnson, is directed to appear at an examination on the matters contained in paragraph No. 1 of the notice and produce the documents described. The examination shall be held at the place and before the person named in the notice within 20 days of the date of our order herein, or at such date as the parties may mutually agree upon. The matters raised in respondents' brief were not argued before the court below and are not the subject of a cross appeal. They are, therefore, not properly before this court. (Appeal from order of Niagara Supreme Court—protective order.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.