GENERAL ELECTRIC TECHNICAL SERVICES COMPANY INC., Respondent, v ALLEN R. CLINTON, Appellant. (And Two Other Related Actions.)

Third Department, December 31, 1991

APPEARANCES OF COUNSEL

*Wayne P. Smith* for appellant.

*Higgins, Roberts, Beyerl & Coan, P. C. (Michael E. Basile* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

Until his retirement in 1986, defendant, a United States citizen, was employed as an engineer by plaintiff at various locations outside the United States. In 1981, Congress enacted the Economic Recovery Tax Act pursuant to which certain individuals employed overseas were not required to pay Federal income tax on all or a portion of their compensation *(see,* 26 USC § 911). Consequently, plaintiff enacted a tax equalization program (hereinafter TEP) effective January 1, 1983 to "insure that its employees working overseas are not subject to greater/lesser taxation on their company source compensation than they would be if they had earned their base salary and overtime in the United States". Accordingly, plaintiff notified its employees that an "estimated tax norm" *(see, General Elec. Tech. Servs. Co. v Perez,* 156 AD2d 781, 782) for those who qualified under 26 USC § 911 "[would] be deducted from the employee's compensation package". By letter dated August 25, 1986 plaintiff, after reviewing its records, informed defendant that he owed plaintiff a refund pursuant to the terms of TEP.

When defendant failed to pay the refund, plaintiff commenced this action for breach of contract, for moneys had and received, and for unjust enrichment in the sum of $34,157. Defendant answered and moved for summary judgment denying any breach of contract and contending, *inter alia,* that a pamphlet and letters sent by plaintiff regarding TEP were insufficient to make participation in TEP a condition of defendant's employment. Plaintiff replied and cross-moved for summary judgment. Supreme Court granted summary judgment to plaintiff, noting that an in camera inspection of defendant's 1983 through 1986 tax returns clearly showed that defendant qualified for income exclusion treatment pursuant to 26 USC § 911 and, further, that the employment relationship between plaintiff and defendant was at will and could be prospectively modified so that plaintiff could enforce the TEP as a modification to an at-will employment agreement. Defendant appeals from a judgment awarding plaintiff $37,120 plus interest, costs and disbursements.

■ Defendant's contention that he was not subject to plaintiff's TEP since he was not told that the TEP was a condition of employment is without merit. Clearly, defendant's employment was terminable at will as he testified at his examination before trial that there was no written contract setting forth his terms of employment. Significantly, defendant admitted receiving the TEP pamphlet in 1982 and knew the program was being implemented and would apply to all of plaintiff's employees on January 1, 1983. Defendant also admitted that he qualified for the income exclusion, a condition of his employment. Case law dictates that when parties have an employment contract terminable at will, the contract can be modified and different compensation rates fixed without approval of the other party since the dissatisfied party has a right to leave his employment *(see, Waldman v Englishtown Sportswear,* 92 AD2d 833, 835; *see also, Sabetay v Sterling Drug,* 69 NY2d 329, 333). Accordingly, we conclude that Supreme Court properly determined that plaintiff could enforce the terms of a modification to the at-will employment contract between the parties.

■ We also hold that Supreme Court properly determined that neither Labor Law article 6 nor Personal Property Law § 46-e prevent plaintiff from recovery, thereby summarily rejecting defendant's contention that since he continued to receive his salary during the time at issue, the alleged "refund" owed plaintiff should be labeled as either a deduction

from his wages or the result of an assignment of his income so that statutory law requires that the deduction (Labor Law § 193 [1] [b]) or assignment (Personal Property Law § 46-e) be authorized in writing, the failure of which makes the refund violative of these statutory sections. Neither the Labor Law nor the Personal Property Law apply to plaintiff's TEP, in our view, because it involves neither an assignment nor deduction, but rather a refund of Federal income saved by employees working abroad pursuant to 26 USC § 911. We note also that the record contains a letter from the State Department of Labor to plaintiff indicating that Labor Law § 193 does not apply to plaintiff's TEP.

Finally, we hold that defendant has not preserved for our review the issue of whether Supreme Court erred in requesting his tax returns. Since he did not contest the propriety of that request before Supreme Court, he is precluded from objecting on appeal *(see, Gunzburg v Gunzburg,* 152 AD2d 537, 538).

CASEY, WEISS, LEVINE and HARVEY, JJ., concur.

Ordered that the order is affirmed, with costs.