■ MARY A. ABBOTT, Appellant, v HULLETTS ISLAND VIEW MARINA & YACHT CLUB, INC., et al., Respondents. [659 NYS2d 935] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered April 4, 1996 in Albany County, which, inter alia, granted a motion by defendant Hulletts Island View Marina & Yacht Club, Inc. for summary judgment dismissing the complaint, and (2) from an order of said court, entered August 14, 1996 in Albany County, which denied plaintiff's motion for reconsideration.

Defendant Hulletts Island View Marina & Yacht Club, Inc. (hereinafter the corporation) is a closely held corporation operating a marina on Lake George in the Town of Dresden, Washington County, for the benefit of its shareholders. When the corporation purchased the marina from plaintiff in 1987 she was given one share of its stock. Plaintiff also held a purchase-money mortgage against the marina property. The corporation's bylaws provided that each shareholder was a member of the corporation's board of directors (hereinafter the Board) and that all shareholders were party to a shareholders' agreement concerning shareholder loans and involuntary stock

repurchases. The agreement provided that any sums loaned by shareholders pursuant to the demand of the Board must be evidenced by a promissory note payable not more than five years from the date of the note. The agreement further provided for repurchase of the shareholder's share of corporate stock if the shareholder failed to make such loan within 60 days of the receipt of written notice from the corporation containing such request.

At a shareholders meeting held on January 10, 1993, a majority voted to require $18,000 loans from each shareholder to pay off the corporation's mortgage loan to plaintiff. The loan terms, however, were not according to the bylaw requirements. The promissory note later distributed to the shareholders at a May 27, 1993 meeting did contain corrected loan terms which were in conformity with the bylaw requirements. The corporation asserted that it distributed the new notes to all shareholders at the May 27, 1993 meeting. The minutes of the meeting are not in the record. Plaintiff avers that she never received notice of the amended loan terms until a January 21, 1994 shareholder meeting at which the shareholders voted to involuntarily repurchase her corporate share because of her failure to make the requested loan.

Plaintiff subsequently commenced the instant action seeking damages for conversion, prima facie tort and a declaration that the involuntary repurchase was void. The corporation moved for summary judgment dismissing the complaint and declaring that plaintiff's corporate share was void. Plaintiff then cross-moved for summary judgment declaring the repurchase void and for a judgment of conversion.

Supreme Court did not address the validity of the loan demand or of the 60-day notice requirement thereof to shareholders but found that since the promissory notes finally issued complied with the shareholder agreement, plaintiff was obligated to make the loan. Supreme Court denied plaintiff's cross motion, granted the corporation's motion and dismissed the complaint in its entirety and, also, denied plaintiff's later motion for reconsideration. Plaintiff appeals from both orders.

Plaintiff's contention that the loan demand and involuntary share repurchase are invalid because these actions were not authorized by Board vote as required in the shareholders' agreement, but rather by vote at a shareholder meeting, is without merit. The actions in question were authorized by Board vote since each shareholder was also a director and all business conducted at "shareholder" meetings in this close corporation constituted acts of the Board (see, Matter of Kemp

*& Beatley [Gardstein]*, 64 NY2d 63, 71). The dual identity of close corporation shareholders is established by the corporate bylaw providing that "[t]he number of directors shall be equal to the number of shareholders and chosen from among the shareholders". Thus, each corporate shareholder present at the meetings in question was also a director (*see, Leslie, Semple & Garrison v Gavit & Co.*, 81 AD2d 950, 951). Accordingly, the loan demand and involuntary share repurchase were properly authorized by Board vote (*see, id.*).

However, a question of fact exists as to whether plaintiff had notice of the proper terms contained in the promissory note since her presence at the May 27, 1993 meeting where the correct terms of the loan were distributed is at issue. Such lack of notice would preclude summary judgment. A factual question exists, the resolution of which depends on adjudging credibility issues between the respective parties. Summary judgment is inappropriate under such circumstances (*see, Zuckerman v City of New York*, 49 NY2d 557; *Van Alstine v Padula*, 228 AD2d 909, *appeal dismissed* 89 NY2d 858; *Marks v Morehouse*, 222 AD2d 785, 787).

Plaintiff's further contention that the involuntary repurchase clause improperly imposed a penalty is raised in this action for the first time on appeal and, thus, has not been preserved for appellate review and will not be considered by this Court (*see, General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Plaintiff's argument that Supreme Court improperly denied her motion for reconsideration fails (*see, Fucci v Town of Oyster Bay*, 170 AD2d 646) since her motion is, in essence, a motion for reargument and no appeal lies from such order. The appeal therefrom should therefore be dismissed (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the order entered April 4, 1996 is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Hulletts Island View Marina & Yacht Club, Inc. for summary judgment; said motion denied; and, as so modified, affirmed. Ordered that the appeal from order entered August 14, 1996 is dismissed, without costs.