■ DANNY T. RUSHFORD et al., Respondents, v REGINALD H. FACTEAU, Appellant. (And a Third-Party Action.) [669 NYS2d 681] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Ryan, Jr., J.), entered May 14, 1996 in Clinton County, which denied defendant's cross motion to dismiss the complaint for, *inter alia*, failure to state a cause of action.

This action involves a dispute concerning the construction and completion of a house purchased by plaintiffs from defendant. Plaintiffs have asserted causes of action alleging, *inter alia*, violations of the General Business Law, specifically that defendant failed to construct the home in a skillful manner and free from material defects. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court denied the motion and defendant appeals.

As a threshold matter, plaintiffs' argument that defendant is barred from appealing by virtue of the prior denial of an identical dismissal motion is rejected inasmuch as plaintiffs failed to raise this argument in Supreme Court and it therefore cannot be considered on appeal (*see, Szigyarto v Szigyarto*, 64 NY2d 275, 280; *Runals v Johnson*, 52 AD2d 1049).

Defendant specifically contends on this appeal that Supreme Court erred in denying his motion to dismiss the skillful manner claim of the third cause of action based on plaintiffs' failure to provide timely notice pursuant to the provisions of General Business Law § 777-a (4) (a). We agree with defendant that notice was not timely, and the skillful manner claim should therefore have been dismissed. General Business Law § 777-a (4) (a) requires that "[w]ritten notice of a warranty claim for breach of a housing merchant implied warranty must be received by the builder prior to the commencement of any action * * * and no later than thirty days after the expiration of the applicable warranty period, as described in subdivision one of this section". Unlike the six-year warranty period for the material defect claim of the third cause of action, the applicable warranty period for plaintiffs' skillful manner claim was one year (*see,* General Business Law § 777-a [1] [a]). Therefore, plaintiffs were required to have given defendant notice within 30 days after the expiration of the one-year war-

ranty period. It appears that the warranty period herein commenced on October 21, 1991, the date of the passing of title,[1] so that notice to defendant would be required by November 21, 1992. It appears, however, that defendant did not receive notice until September 16, 1993, rendering it untimely.[2] The requirement of timely notice is a condition precedent to the claim and is not to be confused with the applicable Statute of Limitations.

Defendant's second and third points on appeal, that Supreme Court erred in not dismissing the complaint based upon the contract's "existing condition" clause and because plaintiffs failed to apply for a construction loan, were not made before Supreme Court, nor was either issue addressed by the court in its decision. They are therefore not preserved for appellate review (see, Abbott v Hulletts Is. View Marina & Yacht Club, 241 AD2d 658, 660; General Elec. Tech. Servs. Co. v Clinton, 173 AD2d 86, 89, lv denied 79 NY2d 759). Even were we to consider these arguments, it appears that the complaint does state causes of action upon which relief could be granted.

We also reject defendant's contention that dismissal of the complaint was required by virtue of plaintiffs' assertion of negligence claims in a contractual action. We are required to afford plaintiffs a liberal construction of the complaint (see, Fort Ann Cent. School Dist. v Hogan, 206 AD2d 723, 724). In so doing, it appears that plaintiffs' causes of action allege breach of contractual and statutory duties, using negligence as a term descriptive of defendant's actions and not as an independent cause of action.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that plaintiffs' notification with respect to its skillful manner claim was timely and denied defendant's cross motion to dismiss that part of the third cause of action alleging a skillful manner claim; cross motion granted to that extent and said claim dismissed; and, as so modified, affirmed.

---

1. The date of October 21, 1991 is derived from defendant's affidavit in support of the cross motion to dismiss, as well as the deed attached to defendant's brief. While the attachment is outside the record, in view of the fact that defendant is pro se and plaintiffs have not challenged the exhibit, we have considered it.

2. We reject plaintiffs' contention that defendant received notice of the claim by virtue of the parties' October 21, 1991 written agreement.