■ LAWRENCE H. MURPHEY et al., Respondents, v REGINALD H. FACTEAU, Appellant. (And a Third-Party Action.) [683 NYS2d 440] —Mikoll, J. Appeal from that part of an order of the Supreme Court (Ryan, Jr., J.), entered May 14, 1996 in Clinton County, which denied defendant's cross motion to dismiss the complaint.

Plaintiffs commenced this action against defendant alleging negligence, breach of contract and breach of express and implied warranties in his construction of their new home. Defendant commenced a third-party action against various

subcontractors and suppliers. When plaintiff moved to sever their action from defendant's third-party action, defendant cross-moved seeking dismissal of the complaint on a variety of grounds, including failure to state a cause of action, failure to comply with the Statute of Limitations, failure to file an affidavit of service of the summons and complaint pursuant to CPLR 306-b and failure to fully comply with discovery. Supreme Court denied both parties' motions, and only defendant appeals.

Defendant argues, for the first time on this appeal, that dismissal was required due to plaintiffs' failure to comply with the notice provisions of the contract itself and the notification requirements of General Business Law § 777-a (4) (*see, Rushford v Facteau*, 247 AD2d 785). As defendant raised neither ground in his motion to dismiss before Supreme Court, they are precluded from our review (*see, Rushford v Facteau, supra*; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.