■ PAULINE C. ESPOSITO, Appellant, v. MITCHELL N. KAY, Respondent. [687 NYS2d 264] —In an action to recover damages for breach of an alleged escrow agreement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered March 6, 1998, as granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint failed to state a cause of action to recover damages for breach of an escrow agreement, assuming, *arguendo,* that the letter of the defendant dated June 10, 1991, was sufficient to constitute such an agreement (*but see, National Union Fire Ins. Co. v Proskauer Rose Goetz & Mendelsohn,* 165 Misc 2d 539, *affd* 227 AD2d 106). The Supreme Court properly determined that the plaintiff's allegations regarding the defendant's obligations under the alleged escrow agreement were refuted by the express terms of the letter dated June 10, 1991, with which terms the defendant fully complied (*see generally, Takayama v Schaefer,* 240 AD2d 21).

The plaintiff's current assertion that the defendant engaged in some unspecified fraudulent conduct toward her was not set forth in the complaint or advanced in the Supreme Court. Hence, we do not consider that contention on this appeal (*see, Matter of Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475; *Rushford v Facteau,* 247 AD2d 785; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.