■ Robert Barker, Appellant, v NYNEX Corporation et al., Respondents. [760 NYS2d 138] —Order, Supreme Court, New York County (Edward Lehner, J.), entered April 3, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants have met their burden as summary judgment movants to demonstrate the absence of any triable issue of fact. Although plaintiff alleges that he was discriminated against by reason of his age while working under the supervision of defendants Norris and Maresco and that such discrimination ultimately compelled his resignation from the sales position he held with defendant NYNEX, the record is devoid of evidence that plaintiff was treated differently from younger, similarly situated NYNEX employees, and there is, in any event, no evidence demonstrating that Norris and Maresco " 'deliberately ma[de plaintiff's] working conditions so intolerable that [he was] forced into an involuntary resignation' " (see Pena v Brattleboro Retreat, 702 F2d 322, 325 [1983], quoting Young v Southwestern Sav. & Loan Assn., 509 F2d 140, 144 [1975]). Indeed, plaintiff's resignation, which followed closely upon NYNEX's refusal to reassure him that he would become a senior account manager upon the retirement of another NYNEX employee, was not tendered until more than five months subsequent to his transfer, at his request, from the sales unit supervised by Norris and Maresco.

Also without merit is plaintiff's breach of contract claim seeking incentive compensation for certain years in amounts greater than those paid him by NYNEX. There is no evidence of any contract pursuant to which plaintiff's compensation for the years in question was to be fixed. In fact, the NYNEX and New York Telephone Company compensation plans for those years expressly state that they are statements of general intention only, that they do not constitute contracts for payment of any particular amount of compensation, and that the company "reserves the right to reduce, modify, or withhold incentive payments at any time based on changed business conditions, individual performance or management modification."

Finally, the motion court properly determined that plaintiff could not prevail on his claim for misappropriation of ideas because, pursuant to the governing intellectual property agreement, plaintiff assigned all his right, title and interest in and to his ideas relating to the concept for which he now seeks royalties. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.