Stanley M. WELLAND, Plaintiff–
Appellant,

v.

CITIGROUP INC., Citicorp, Inc., Citi-
corp International Communications,
Inc. and Citicorp Global Technology,
Inc., Defendants–Appellees.

Thomas TRAINER, Defendant.

No. 04–0624–CV.

United States Court of Appeals,
Second Circuit.

Dec. 3, 2004.

**322**

Martin D. Edel, Miller & Wrubel P.C. (Charles R. Jacob III, Dana B. Zimmerman, on the brief), New York, NY, for Appellant.

Bettina B. Plevan, Proskauer Rose LLP (Lloyd B. Chinn, Roy P. Salins, Seth A. Stevelman, on the brief), New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant Stanley Welland appeals from the December 24, 2003 judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*) granting defendants' motion for summary judgment in its entirety. He also appeals from the district court's September 28, 2001 discovery ruling, in which it held that certain Citigroup documents were protected by the attorney-client privilege. Familiarity with the facts and procedural background is assumed. We affirm.

On appeal, Welland argues that summary judgment was improper because the district court erred by (1) misinterpreting the Restricted Stock Agreement ("RSA"); (2) applying an arbitrary and capricious standard in reviewing the decision to forfeit Welland's stock options; and (3) refusing to find that the forfeiture constituted a breach of the implied covenant of good faith and fair dealing.

■ Welland's first argument has no merit under the New York law of at-will employment. By remaining in employment following Citigroup's revision of the RSA, Welland assented to its modified terms, including the provision allowing for forfeiture of his restricted stock upon termination for any reason. *See Phansalkar v. Andersen Weinroth & Co.*, No. 00 Civ. 7872, 2002 WL 1402297, at *14 (S.D.N.Y. June 26, 2002), *aff'd in part, vacated in part on other grounds*, 344 F.3d 184 (2d Cir.2003); *Gen. Elec. Technical Servs. Co. v. Clinton*, 173 A.D.2d 86, 577 N.Y.S.2d 719, 720–21 (1991).

■ As to Welland's second argument, we find that the district court properly reviewed the decision to forfeit Welland's stock options under an arbitrary and capricious standard, especially in light of the full authority given to the Compensation Committee under the terms of the governing agreements and incentive plans. *See Gehrhardt v. Gen. Motors Corp.*, 581 F.2d 7, 9–10, 12 (2d Cir.1978); *Gitelson v. du Pont*, 17 N.Y.2d 46, 48–51, 268 N.Y.S.2d 11, 215 N.E.2d 336 (1966). Upon reviewing the record, we find that there are no material issues of fact with respect to whether or not Citigroup's decision was arbitrary and capricious.

■ Welland's third argument is likewise without merit. His forfeited stock options were not earned compensation, *see Int'l Bus. Mach. Corp. v. Martson*, 37 F.Supp.2d 613, 615, 618 (S.D.N.Y.1999), nor did forfeiture of those stock options breach any implied covenant of good faith and fair dealing, *see Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F.Supp. 234, 239 (S.D.N.Y.1992); *Gallagher v. Lambert*, 74 N.Y.2d 562, 567–68, 549 N.Y.S.2d 945, 549 N.E.2d 136 (1989).

Finally, we find no abuse of discretion in the district court's conclusion that Citigroup had not waived its attorney-client privilege as to the disputed interview notes.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.