■ GEORGE P. NIKITOVICH, Appellant, v STANLEY O'NEAL, as President of MERRILL LYNCH & Co., et al., Respondents. [836 NYS2d 34]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered April 24, 2006, which granted the motion of defendant Merrill Lynch & Co. pursuant to CPLR 3211 to dismiss the complaint in its entirety, unanimously affirmed, with costs.

The unambiguous terms of defendant Merrill Lynch's Financial Advisor Capital Award Accumulation Plan (FACAAP) provided Merrill Lynch with sole discretion to forfeit FACAAP awards when an employee was terminated for misconduct. An employee has no enforceable right to compensation under a discretionary compensation or bonus plan and, accordingly, a forfeiture of such compensation does not occasion a cause of action for breach of the implied covenant of good faith and fair dealing (*see Welland v Citigroup, Inc.*, 2003 WL 22973574, 2003

US Dist LEXIS 22721 [SD NY 2003], *affd* 116 Fed Appx 321 [2d Cir 2004]). A claim for breach of the implied covenant of fair dealing cannot substitute for an unsustainable breach of contract claim (*see Skillgames, LLC v Brody,* 1 AD3d 247, 252 [2003]). In any event, plaintiff was not vested in the 1995 and 1996 plans when he was terminated in August 1997. Plaintiff was only vested in all or a portion of the 1986, 1987 and 1991 awards, for which he received compensation. Although plaintiff argues that there was an improper basis for his termination, as an employee-at-will, he could have been terminated for any lawful reason (*see Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406 [1995]), and this Court may not substitute its business judgment for that of the employer (*see Citibank v New York State Div. of Human Rights,* 227 AD2d 322, 325 [1996], *lv denied* 88 NY2d 815 [1996]). Moreover, regardless of the timing of his termination, whether before or after he entered into a settlement with the National Association of Securities Dealers (NASD), he was clearly fired for misconduct after he executed trades in a deceased client's account.

The court properly dismissed the second cause of action alleging failure to provide plaintiff with notice and an opportunity to be heard regarding the forfeiture of the awards since plaintiff would have only been entitled to such benefits if there had been a change in control at the company, which there was not. Plaintiff's unjust enrichment claim was also properly dismissed, as duplicative of his breach of contract claim.

Plaintiff's fraud claim was also properly dismissed, for failure to plead it with particularity and for failure to allege an intentional misrepresentation upon which plaintiff relied to his detriment (CPLR 3016 [b]; *Swersky v Dreyer & Traub,* 219 AD2d 321, 326 [1996]). The cause of action was also properly dismissed since plaintiff was merely attempting to circumvent the at-will employee rule (*see Ullmann v Norma Kamali, Inc.,* 207 AD2d 691, 692 [1994]), and since the alleged fraud claim was indistinguishable from the breach of contract claim (*see Coppola v Applied Elec. Corp.,* 288 AD2d 41, 42 [2001]). Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.