■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v BALDWIN UNION FREE SCHOOL DISTRICT et al., Respondents. [924 NYS2d 126]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Baldwin Union Free School District Board of Education dated August 12, 2009, which, inter alia, rejected the petitioner Francesco Pignataro's rescission of his resignation and declined to reinstate him to his position as a school custodian, with back pay, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated February 3, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and thereafter for the entry of an appropriate judgment.

The petitioner Francesco Pignataro was employed by the Baldwin Union Free School District (hereinafter the District) and was a member of the petitioner Civil Service Employees Association, Inc. (hereinafter the CSEA). The District and the CSEA were parties to a collective bargaining agreement (hereinafter the CBA). Pignataro filed a grievance and a demand for arbitration, alleging that the District wrongly removed him from the payroll pursuant to the CBA when he was injured and that he was entitled to utilize leave accruals. A proposed settlement agreement was negotiated pursuant to which, among other things, Pignataro would receive the sum of $50,000 as compensation for his leave accruals in exchange for his resignation and the withdrawal of his grievance. Pignataro and his CSEA representative signed the settlement agreement on July 16, 2009, but the agreement was expressly subject to the approval of the District's Board of Education (hereinafter the Board) and the signature line for the Board's president remained blank at that time. The next meeting of the Board was scheduled for August 12, 2009, and the settlement was postdated to that date.

Pursuant to the agreement, Pignataro submitted to the District his letter of resignation dated July 16, 2009, to become effective at the close of business on August 12, 2009. The District's assistant superintendent of human resources thereafter delivered Pignataro's resignation letter to the superintendent of schools, who later "notified" the Board about the terms of the settlement, including the submission of Pignataro's resignation. However, by letter dated July 23, 2009, Pignataro sought to rescind his resignation and to reject the agreement. Approximately three weeks later, on August 12, 2009, the Board approved the settlement agreement, the Board's president signed the agreement, and the Board refused to reinstate Pignataro to his employment. Pignataro then commenced this CPLR article 78 proceeding in which he seeks, among other things, to review the Board's determination rejecting his rescission of his resignation and declining to reinstate him to his position as a school custodian, with back pay. The Supreme Court denied the petition and dismissed the proceeding on the ground that Pignataro was a party to a binding settlement agreement that required his resignation and that he was not entitled to unilaterally withdraw his resignation and reject the settlement. We reverse.

Contrary to the Supreme Court's holding, the settlement agreement was not binding on Pignataro when he sought to withdraw his resignation and to reject the settlement. "To establish the existence of an enforceable agreement," there must

be "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound" (*Kowalchuk v Stroup*, 61 AD3d 118, 121 [2009]; *see* 22 NY Jur 2d, Contracts § 9). An offer not given for consideration may be revoked at any time (*see Evans v 2168 Broadway Corp.*, 281 NY 34, 40 [1939]), and "the moment of acceptance is the moment the contract is created" (*Kowalchuk v Stroup*, 61 AD3d at 122; *see Farago v Burke*, 262 NY 229 [1933]; *Kass v Grais*, 66 AD3d 587 [2009]; *Morton's of Chicago/ Great Neck v Crab House*, 297 AD2d 335, 337 [2002]). Here, Pignataro withdrew his resignation and rejected the terms of the settlement agreement on July 23, 2009. At that time, the other party to the agreement—the District (through its governing body, the Board)—had not yet accepted the terms of the settlement. Prior to such acceptance there was no enforceable settlement agreement and Pignataro, who had not yet been given any consideration, was entitled to revoke his offer to settle his grievance. The revocation of the offer to settle thereby terminated the Board's power of acceptance of the settlement agreement (*see* Restatement [Second] of Contracts §§ 36, 42).

Additionally, Pignataro's letter of resignation was not "delivered" to the Board so as to preclude Pignataro from unilaterally withdrawing the letter without the Board's consent under the pertinent Civil Service Law regulation (*see* 4 NYCRR 5.3 [c]). Under 4 NYCRR 5.3 (c), resignation of a civil service employee, which must be in writing, "may not be withdrawn, cancelled or amended after it is delivered to the appointing authority, without the consent of the appointing authority." The decision "to permit a delivered resignation to be withdrawn is a matter committed to the discretion of the appointing authority" (*Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr.*, 60 AD3d 765, 766 [2009]). Here, the appointing authority was the Board (*see* Civil Service Law § 2 [9]; Education Law § 1709 [39] [b]). Although the letter was delivered to an assistant superintendent and the superintendent, they are not members or representatives of the Board (*see Matter of Sainato v Western Suffolk BOCES*, 242 AD2d 301, 301-302 [1997]; *Meyer v William Floyd Union Free School Dist.*, 2008 WL 4415271, *9, 2008 US Dist LEXIS 73296, *25-26 [ED NY 2008]; *see also Matter of Jackson v Board of Educ., Colton-Pierrepont Cent. School Dist.*, 194 AD2d 901, 903 [1993]). Although the superintendent "notified" the Board of Pignataro's resignation, this does not constitute "delivery" under the regulation, nor does the record show that such notification was accomplished prior to Pignataro seeking to withdraw the resignation. Indeed, the superintendent did not state with any certainty when he actually "notified" the Board of the resignation. He only stated "upon information and belief"

that such notification occurred prior to Pignataro's withdrawal of the resignation. Under these circumstances, the record does not show that Pignataro's resignation letter was "delivered" to the Board prior to its withdrawal, such that the Board's consent to the withdrawal was necessary under 4 NYCRR 5.3 (c). Accordingly, 4 NYCRR 5.3 (c) did not preclude Pignataro from unilaterally rescinding his resignation.

Since Pignataro effectively revoked the settlement and rescinded his resignation on July 23, 2009, he is entitled to reinstatement. Accordingly, based on the contents of the record presently before us, the petition should have been granted, and the Board should have been directed to rescind its acceptance of Pignataro's resignation and to reinstate him to his position as a school custodian. Therefore, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings. We note that since facts were raised at oral argument that are dehors the record, our determination is without prejudice to a motion by any party before the Supreme Court, Nassau County, for renewal based upon any evidence that is not contained in the record before us.

In light of the foregoing, the petitioners' remaining contentions have been rendered academic. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.