10-3850-cv
Kavitz v. Int'l Business Machines Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand twelve.

Present:
> PETER W. HALL,
> DENNY CHIN,
>> *Circuit Judges.*
> ALVIN K. HELLERSTEIN,[*]
>> *District Judge.*

_____

DAVID A. KAVITZ,

> *Plaintiff-Appellant*,

> v.                                                            No. 10-3850-cv

INTERNATIONAL BUSINESS MACHINES,
CORPORATION,

> *Defendant-Appellee,*

_____

FOR APPELLANT:          ALFRED DOVBISH, Law Office of Alfred Dovbish, Tiburon, California.

---

[*] The Honorable Alvin K. Hellerstein, District Judge for the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                    KEVIN G. LAURI (Peter C. Moskowitz, *on the brief*), Jackson Lewis LLP, New York, New York.

_____

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David A. Kavitz appeals from the district court's (McMahon, *J.*) grant of summary judgment to Defendant-Appellee International Business Machines Corporation ("IBM") on Kavitz's claims for breach of express and implied contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and money had and received, arising from IBM's calculation of Kavitz's commission for a transaction involving Motorola, IBM's customer, during the 2006 calendar year.  Kavitz maintains that under the terms of his 2006 Incentive Plan Letter (the "Plan"), IBM was contractually obligated to award him a commission calculated pursuant to certain accelerators ("incentive compensation").  Kavitz also challenges a number of the district court's discovery rulings.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment *de novo*, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), which is appropriate only if "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

Kavitz's principal argument is that the Plan constitutes an enforceable contract between himself and IBM, and by failing to pay him certain incentive compensation for the 2006 calendar

-2-

year, IBM breached that contract. To establish the existence of an enforceable agreement under New York law, which the parties agree applies here, there must be "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Civil Serv. Employees Ass'n, Inc. v. Baldwin Union Free Sch. Dist.*, 924 N.Y.S.2d 126, 128 (2d Dep't 2011) (internal quotation marks omitted). The relevant issue is whether the Plan evidences an intent by IBM to be bound by the document's terms. Kavitz asserts that it does, but he ignores the document's plain language. The Plan states explicitly that it "does not constitute an express or implied contract or a promise by IBM to make any distributions under it," and that "IBM reserves the right to adjust the Plan terms, including but not limited to any quota and target incentives, or to cancel the Plan, for any individual or group of individuals, at any time during the Plan period up until any related incentive payments have been earned under its terms." Based on this express language, we agree with the district court that IBM did not intend for the Plan to create an enforceable contract. *See, e.g.*, *Reprosystem, B.V. v. SCM Corp.*, 727 F.2d 257, 261-62 (2d Cir. 1984) (concluding that where the documents at issue did not evidence defendant's intent to be bound, those documents did not constitute an offer by defendant to enter into a contractual relationship). We note that two of our sister circuits have reached the same conclusion based on substantially similar language in an IBM incentive plan letter, and we find persuasive the relevant analysis in those decisions. *See*, *e.g.*, *Geras v. IBM*, 638 F.3d 1311,1316 (10th Cir. 2011) (holding that this same language "does not manifest an intent [by IBM] to be bound by the terms of its incentive plan, nor could [the plan] be reasonably relied upon by an employee as a commitment to comply with those terms"); *Jensen v. IBM*, 454 F.3d 382, 388 (4th Cir. 2006) (holding that this same language "did not invite a bargain or manifest a willingness to enter into a bargain," but instead

"manifested [a] clear intent to preclude the formation of a contract"). Even if we had any doubt on this point (and we do not), that IBM retained unfettered discretion under the Plan to adjust its terms or even to cancel the Plan entirely confirms that the document is not an enforceable contract. *See Barker v. NYNEX Corp.*, 760 N.Y.S.2d 138 (1st Dep't 2003).

For similar reasons, we conclude that Kavitz's implied-in-fact contract claim fails as a matter of law. Although a "contract implied in fact may result as an inference from the facts and circumstances of the case, though not formally stated in words," such a contract nonetheless "derive[s] from the 'presumed' intention of the parties as indicated by their conduct." *Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-04 (1975) (internal citations omitted); *accord Pache v. Aviation Volunteer Fire Co.*, 800 N.Y.S.2d 228, 229 (3d Dep't 2005). Here again, Kavitz's claim is undermined by the Plan's express language. While he maintains that IBM's prior actions with respect to the 2003 Motorola audit created an implied contract to pay incentive compensation in 2006, the Plan makes clear that IBM never intended to create a binding contract governing incentive compensation for 2006. Moreover, to the extent Kavitz asserts that his prior dealings with IBM support a claim for promissory estoppel, the Plan negates any inference that IBM made "a clear and unambiguous promise" to pay incentive compensation for the 2006 calendar year. *See Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 73 (2d Cir. 1989) (evidence of "a clear and unambiguous promise" by defendant is necessary to prevail on a claim for promissory estoppel); *see also U.S. West Fin. Servs., Inc. v. Tollman*, 786 F.Supp. 333, 344 (S.D.N.Y. 1992) ("Regardless of any previous course of dealing and any actions taken in reliance, without a clear and unambiguous promise there is no promissory estoppel.").

In light of the above, Kavitz's remaining claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and money had and received are all without merit. *See generally Rather v. CBS Corp.*, 886 N.Y.S.2d 121, 125 (1st Dep't 2009); *Nikitovich v. O'Neal*, 836 N.Y.S.2d 34, 35 (1st Dep't 2007); *Anesthesia Group of Albany, P.C. v. New York*, 766 N.Y.S.2d 448, 450 (3d Dep't 2003); *Kaufman Org., Ltd. v. Graham & James LLP*, 703 N.Y.S.2d 439, 442 (1st Dep't 2000). Finally, with respect to Kavitz's challenges to the district court's denial of his discovery-related motions, we review a lower court's discovery rulings for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pre-trial discovery." *Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005). Based on a thorough review of the record, we cannot say that the court abused its discretion by denying Kavitz's two motions.

We have considered all of Kavitz's arguments and find them without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-5-