Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 14, 2011, which granted defendants’ motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without cost.
Contrary to plaintiffs contention, the November 19, 2008 letter agreement setting forth the terms of his assignment in Hong Kong (the HK contract) did not expressly modify the at-will provision of the August 6, 2007 letter offering him employment (the offer letter), which explicitly provided that all terms and conditions of his employment were set forth in the offer letter *513 and could only be modified by a written agreement or by a change in defendants’ personnel policies. The HK contract contained no provision that expressly promised plaintiff a fixed two-year position in Hong Kong or elsewhere. Indeed, paragraph 7 of the HK contract provided that defendants could terminate plaintiffs Hong Kong assignment at any time and reassign him. Plaintiff has not identified, in either the offer letter or the HK contract, an express limitation on defendants’ right to discharge him (see Novinger v Eden Park Health Servs., 167 AD2d 590, 591 [3d Dept 1990], lv denied 77 NY2d 810 [1991]). Accordingly, the fourth cause of action, which alleges that plaintiff was terminated at the end of the first year of the HK contract without cause and is entitled to his unpaid base salary for the second year, fails to state a cause of action (see Cron v Hargro Fabrics, 91 NY2d 362, 367 [1998]). Plaintiffs at-will employment also renders unviable his fifth cause of action, which alleges breach of the implied covenant of good faith and fair dealing. The terms of the HK contract were plain and clear, leaving plaintiff no room to argue mistaken intent or bad faith (compare Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 302 [1st Dept 2003]; see also Nikitovich v O’Neal, 40 AD3d 300 [1st Dept 2007]).
The first three causes of action are based on an alleged oral promise that plaintiff would be paid a non-discretionary bonus in 2009 if he took the assignment in Hong Kong. It is clear that plaintiffs alleged conduct—uprooting his financial business and disrupting his fiancee’s successful career in New York to go to Hong Kong, where plaintiff had no business contacts or acquaintances—if proved, would constitute partial performance of this oral promise and obviate the no-oral-modification clause in the offer letter (see General Obligations Law § 15-301; Rose v Spa Realty Assoc., 42 NY2d 338, 343-344 [1977]). Moreover, defendants could be equitably estopped to rely upon that clause by their alleged inducement of plaintiff’s “significant and substantial reliance” on the alleged oral promise (see id. at 344). And, in view of plaintiffs at-will employment, the alleged oral promise would not be barred by the Statute of Frauds (see Cron, 91 NY2d at 367).
Nonetheless, the first cause of action, alleging breach of the alleged oral promise, fails to state a cause of action, because the alleged promise was superseded by the HK contract, which provided that any incentive compensation would be awarded at defendants’ sole discretion (see Case v Phoenix Bridge Co., 134 NY 78, 81 [1892]; College Auxiliary Servs. of State Univ. Coll, at Plattsburgh v Slater Corp., 90 AD2d 893 [3d Dept 1982]). The *514 HK contract also renders unviable the second cause of action, which alleges breach of the implied covenant of good faith and fair dealing.
The third cause of action alleges that defendants’ failure to pay the orally promised bonus violated Labor Law § 193, which prohibits employers from making deductions from the wages of employees (with certain exceptions). Plaintiff contends that the promised bonus, which was withheld by defendants, fits within the definition of “wages” in Labor Law § 190 (1). Even assuming an enforceable oral promise of a bonus, this cause of action would fail. We do not find that the bonus would constitute wages, since it was discretionary (pursuant to the offer letter) and based at least in part on factors other than plaintiffs own performance, including, according to the complaint, “what would be commensurate with the average of what other Managing Directors of the Natural Resources Group in New York received for 2009” (see Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223-224 [2000]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Richter, Manzanet-Daniels and Clark, JJ. [Prior Case History: 32 Misc 3d 1239(A), 2011 NY Slip Op 51642(U).]