Matter of Atkinson v Kelly (2019 NY Slip Op 06601)





Matter of Atkinson v Kelly


2019 NY Slip Op 06601


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-04742
 (Index No. 2365/16)

[*1]In the Matter of Ricardo Atkinson, respondent,
v
Robert Kelly, etc., et al., appellants.


Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Shannon E. Kane of counsel), for appellants.
Charny & Wheeler, Rhinebeck, NY (Russell G. Wheeler of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of Mount Vernon Police Department dated March 30, 2016, Robert Kelly, as Commissioner of the City of Mount Vernon Police Department, the City of Mount Vernon, and the City of Mount Vernon, Department of Public Safety, Bureau of Police appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated April 17, 2017. The judgment granted the petition to vacate the March 30, 2016, determination, which rejected the petitioner's rescission of his resignation from the City of Mount Vernon Police Department, and directed the City of Mount Vernon Police Department to reinstate him to his position as prisoner attendant, with back pay.
ORDERED that the judgment is affirmed, with costs.
The petitioner was a civilian prisoner attendant employed by the City of Mount Vernon Police Department (hereinafter the Police Department). On July 27, 2015, a detainee died in her holding cell at police headquarters while the petitioner was on duty. The New York State Attorney General's Office (hereinafter the OAG) investigated the death of the detainee and issued a report noting that it had recommended to the Police Department that the Police Department take administrative action regarding the petitioner's conduct on July 27, 2015.
On March 14, 2016, the petitioner was summoned to the office of his supervisor, Richton Ziadie, and told to resign or a formal disciplinary proceeding would be commenced against him. The respondent Robert Kelly, the former Commissioner of the Police Department, submitted an affidavit in which he stated that he had authorized Ziadie to resolve the disciplinary issue by accepting a letter of resignation from the petitioner. The petitioner tendered his resignation letter immediately after his meeting with Ziadie.
By letter dated March 15, 2016, addressed to Ziadie, the petitioner rescinded his resignation. On March 30, 2016, the Police Department rejected the petitioner's rescission of his resignation. The petitioner commenced this CPLR article 78 proceeding against the Commissioner of the Police Department, the City of Mount Vernon, and the City of Mount Vernon, Department of Public Safety, Bureau of Police (hereinafter collectively Mount Vernon) seeking a vacatur of the determination, reinstatement as a prisoner attendant, and damages, including back pay. The Supreme Court granted the petition. Mount Vernon appeals.
With regard to civil service employment, 4 NYCRR 5.3(b) requires that resignations from employment are to be delivered to, or filed in the office of, the appointing authority. 4 NYCRR 5.3(c) provides that "A resignation may not be withdrawn, cancelled or amended after it is delivered to the appointing authority, without the consent of the appointing authority." The "appointing authority" or "appointing officer" means the "officer, commission, or body having the power of appointment to subordinate positions" (see Civil Service Law § 2[9]). Pursuant to section 115 of the Charter of the City of Mount Vernon (hereinafter the Charter), the Commissioner of Public Safety (hereinafter the Commissioner) has "jurisdiction, supervision, and control of the government, administration, disposition, and discipline of the Police Department." Pursuant to section 114 of the Charter, the Commissioner shall appoint all subordinates, and is therefore the appointing authority relative to the petitioner's employment.
Contrary to Mount Vernon's contention, the Commissioner was not authorized to delegate his authority to accept delivery of an employee's resignation letter, as the Charter, which sets forth the powers and duties of the various department heads, does not specifically provide for any such delegation of the Commissioner's power (see Charter of the City of Mount Vernon Article X, §§ 114-116; Matter of Awe v D'Alessandro, 154 AD3d 932, 934; McKinney's Cons Laws of NY, Book 1, Statutes § 240). This is in contrast to those provisions of the Charter that address the powers and duties of the heads of other departments and specifically authorize delegation by them (see Charter of the City of Mount Vernon Articles VIII, VIII-A, IX). Therefore, Ziadie was without authority to accept delivery of the petitioner's resignation letter.
There is no indication in the record that the petitioner's letter of resignation was delivered to the Commissioner or filed by or on behalf of the petitioner in the Commissioner's office prior to the petitioner's request to rescind it, "such that the [Commissioner's] consent to [the rescission] was necessary under 4 NYCRR 5.3(c)" (see Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1235). Therefore, 4 NYCRR 5.3(c) did not preclude the petitioner from unilaterally rescinding his resignation (see Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d at 1235).
Accordingly, we agree with the Supreme Court's determination to grant the petition.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court