Real-X Realty, LLC v Crest Bellport, LLC (2026 NY Slip Op 01389)

Real-X Realty, LLC v Crest Bellport, LLC

2026 NY Slip Op 01389

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS. J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-06385
 (Index No. 606831/21)

[*1]Real-X Realty, LLC, appellant,
vCrest Bellport, LLC, et al., respondents.

Gordon & Haffner, LLP (Joseph H. Ruyack III, Chester, NY, of counsel), for appellant.
Scarda & Associates, P.C., Port Jefferson Station, NY (William P. Caffrey, Jr., of counsel), for respondents.
In an action for specific performance of a real estate contract and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated July 28, 2021. The order granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and to cancel a notice of pendency.

DECISION & ORDER
Motion by the respondents to dismiss the appeal, inter alia, on the ground that it has been rendered academic. By decision and order on motion of this Court dated February 17, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is granted to the extent that the appeal from so much of the order as granted those branches of the respondents' motion which were for summary judgment dismissing the cause of action for specific performance of the real estate contract and to cancel the notice of pendency is dismissed as academic, and the motion is otherwise denied; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In March 2021, the plaintiff, as prospective purchaser, and the defendants, as prospective sellers, entered into negotiations for the sale of certain real property located in Bellport (hereinafter the property). The defendants Crest Bellport, LLC (hereinafter Crest), and Bellport Associates, LLC (hereinafter BA), each owned a 50% interest in the property as tenants-in-common. During the course of negotiations, numerous emails and texts were exchanged between Crest and the plaintiff containing the parties' offers and counteroffers respecting terms to be included in the [*2]proposed contract of sale. BA did not participate in the negotiations and did not execute any documents.
In April 2021, the plaintiff commenced this action for specific performance of the contract and to recover damages for breach of contract and filed a notice of pendency against the property. The defendants moved, inter alia, for summary judgment dismissing the complaint and to cancel the notice of pendency. In an order dated July 28, 2021, the Supreme Court granted the motion. The plaintiff appeals.
The defendants have proffered evidence that, after the Supreme Court cancelled the notice of pendency and during the pendency of this appeal, the defendants sold the property to a bona fide third-party purchaser for value. Accordingly, the appeal from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action for specific performance of the contract and to cancel the notice of pendency must be dismissed as academic (see Matter of Huntington Hebrew Congregation of Huntington v Tanenbaum, 62 AD3d 704, 704-705; 405 44th St. Realty Co. v 168 Fortune Realty, Inc., 14 AD3d 481). However, contrary to the defendants' contention, the sale of the property does not render the entire appeal academic, as the complaint also seeks damages as a remedy (see generally Da Silva v Musso, 76 NY2d 436, 444).
The threshold question with respect to any contract-based cause of action is whether a binding contract was ever formed (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 587). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms . . . . Generally, courts look to the basic elements of the offer and acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract" (Petkanas v Petkanas, 191 AD3d 708, 710 [internal quotation marks omitted]). "An offer not given for consideration may be revoked at any time, and the moment of acceptance is the moment the contract is created" (Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1234 [citation and internal quotation marks omitted]). In the case of a contract conveying an interest in real property, the statute of frauds requires that an agreement be reduced to a written instrument signed by the party against whom the plaintiff seeks to enforce the agreement (see General Obligations Law § 5-703(2); Madison Trust Co. v Starwood I, LLC, 233 AD3d 854, 854-855).
The defendants demonstrated, prima facie, that the contract lacked the signature of one of the sellers and that, therefore, no binding and enforceable contract was formed (see Total Telcom Group Corp. v Kendal on Hudson, 157 AD3d 746, 747). In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, contrary to the plaintiff's contention, the defendants' motion for summary judgment dismissing the complaint was not premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Al-Rowmeim v Alazwear, 233 AD3d 640, 642 [internal quotation marks omitted]; see CPLR 3212[f]). Here, the plaintiff failed to make that showing, and "[t]he mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Maurice v Donovan, 235 AD3d 633, 635 [internal quotation marks omitted]).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court